Seth Ptasiewicz, Esq. (SP8875)
**KROLL HEINEMAN CARTON, LLC**
Metro Corporate Campus One
99 Wood Avenue South, Suite 307
Iselin, New Jersey 08830
Tel: (732) 491-2100
Fax: (732) 491-2120
Attorneys for Plaintiffs Northeast Carpenters Health Fund and the
Trustees Thereof

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK VICINAGE

———————————————————————— X
NORTHEAST CARPENTERS HEALTH FUND    :
and THE TRUSTEES THEREOF,                :    Civil Action No.:
                  Plaintiffs,          :
                                :    **COMPLAINT**
     v.                                  :
                                 :
KENNETH H. ULMER and JAE LEE LAW, P.C.,   :
                                 :
           Defendants.          X
———————————————————————

Plaintiffs, Northeast Carpenters Health Fund and Trustees Thereof ("the Health Fund" or "the Fund"), being administered at Raritan Plaza II, P.O. Box 7818, Edison, New Jersey 08818-7818; by their undersigned attorneys, by way of Complaint in Interpleader says:

**THE PARTIES**

1.     At all times relevant, the Health Fund was, and still is, a trust fund established and maintained pursuant to § 302(c)(5) of the Labor Management Relations Act, ("LMRA"), 29 U.S.C. § 186(c)(5), an employee welfare benefit plan within the meaning of §2(1)) of ERISA, 29 U.S.C. § 1002(1). The Fund qualifies to commence this action under §§ 502(d)(1) of ERISA, 29 U.S.C. §§ 1132(d)(1). The Fund provides health benefits to participants and their eligible dependents in accordance with the terms of the Plan of Benefits. The Fund is the successor in

531578.1

interest to the New Jersey Carpenters Health Fund. The Fund is administered at, and maintains

its office and principal place of business at Raritan Plaza II, P.O. Box 7818, Edison, New Jersey

08818-7818. The Fund is a self-funded Plan through which benefits are paid primarily through

the contributions received on behalf of participants from contributing employers and investment

earnings on those contributions.

2.      The Trustees of the Health Fund are fiduciaries and as such are entitled to bring and

maintain this action under ERISA, 29 U.S.C. § 1132. The Trustees bring this action on behalf of

themselves, the Fund, and the Fund's participants and beneficiaries pursuant to 29 U.S.C. §

1132. The Trustees, in their capacity as Trustees, maintain their offices and principal place of

business at Raritan Plaza II, P.O. Box 7818, Edison, New Jersey 08818-7818.

3.      Defendant, Kenneth H. Ulmer ("Ulmer"), on information and belief, resides at 416

Montclair Avenue, Apartment Number 2, Pompton Lakes, New Jersey 07442.

4.      Defendant Jae Lee Law, P.C., on information and belief is a New Jersey Corporation and

law firm with its principal place of business located at 2500 Center Avenue, Suite 120

Fort Lee, New Jersey 07024. Defendant Jae Lee Law, P.C. is named as a nominal Defendant in

this matter as a stakeholder of the monies in dispute in this Lawsuit.

## JURISDICTION AND VENUE

5.      This is an action to recover an overpayment of health benefits under ERISA. Jurisdiction

is proper in this Court pursuant to 28 U.S.C. §1331, as the underlying claims at issue involve

rights and liabilities governed by federal law, more particularly, the Employee Retirement

Income Security Act, 29 U.S.C. §1001, et seq.

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) and (b) as a substantial part

of the events or omissions giving rise to the claim occurred, or a substantial part of the property

531578.1

that is the subject of the action is situated, in this district and the Health Fund is administered here.

## FACTS

7.     At all times relevant hereto, the Health Fund provided health benefits to individuals who were members of the Northeast Regional Council of Carpenters, its predecessors and affiliated local unions ("Union") or local union affiliates and met certain eligibility conditions required by the Health Fund to receive health benefits.

8.     At all times relevant to this action, Mr. Ulmer as a member of the Union was eligible for health benefits with the Health Fund.

9.     Upon information and belief, Ulmer was involved in an automobile accident on or about September 21, 2014 as a result of which he allegedly sustained injuries requiring medical attention.

10.     Upon information and belief, the Fund was not timely made aware of the automobile accident resulting in it overpaying the sum of $35,590.28 in benefits to Ulmer's medical service providers.

11.     Pursuant to the Fund's Plan of Benefits, the Fund's liability for payment of medical benefits related to an automobile accident are limited to $1,250.00:

> **AUTOMOBILE ACCIDENTS**
>
> Any injuries suffered in an automobile accident, or any injuries suffered involving an automobile, must be submitted to your automobile insurer who will serve as the primary payer of any claims incurred. Only a deductible of $250.00 and the 20% co-payment of the first $5,000.00 in total eligible charges will be considered for reimbursement through the New Jersey Carpenters Health Fund. Benefit payments are subject to the limits and guidelines of this Plan.
>
> You CANNOT waive your Personal Injury Protection (PIP) to have the New Jersey Carpenters Health Fund be the primary payer for automobile

531578.1

related claims.

12.     Upon learning of the Fund's overpayment of medical benefits on behalf of Ulmer as relates to his personal injury matter, the Fund notified Ulmer's personal injury attorney, Martin S. Cedzidlo, Esq. of the Law Firm Jae Lee Law, P.C. of said overpayment and asserted a lien for $35,590.28 for medical benefits it overpaid on behalf of Ulmer related to his automobile accident of September 21, 2014 from any monies that Ulmer may recover from the purported negligent third party.

13.     In or about June 2018, the Fund was notified by Mr. Cedzidlo that he had resolved Ulmer's personal injury matter, thereby rendering the Health Fund's right to reimbursement ripe, but that his client would not agree to honor the Fund's full lien for medical benefits it paid on behalf of Ulmer related to the automobile accident of September 21, 2014.

14.     As such, the Fund demanded and Mr. Cedzidlo agreed to hold the amount of the Fund's lien from the recovery he received for Ulmer until such time as a Court of competent jurisdiction resolved the propriety of the Fund's lien amount.

## AS AND FOR A CAUSE OF ACTION

15.     The Health Fund repeats and realleges the allegations contained in paragraphs 1 through 13 of this Complaint as if stated herein.

16.     The Health Fund made payments on behalf of Ulmer for which it was not obligated to pay.

17.     The Health Fund demanded repayment of that amount, $35,590.28 from Ulmer's personal injury attorney.

18.     The Health Fund was advised in or about June 2018 by Ulmer's personal injury attorney, Martin S. Cedzidlo, Esq. of the Law Firm Jae Lee Law, P.C.that Ulmer received a monetary

531578.1

recovery from the negligent third party that injured him in the automobile accident of September 21, 2014.

19.     Upon learning of that recovery, the Health Fund demanded repayment of its lien amount of $35,590.28 from Ulmer and his personal injury attorney.

20.     As of this date, Ulmer and his attorney have declined to repay the Fund's lien.

21.     Upon information and belief the amount of $35,590.28 is presently being held in the attorney trust account of Jae Lee Law, P.C. for which the Health Fund is entitled to assert a constructive trust over pursuant to 29 U.S.C. §1132(a)(3)(ii).

**WHEREFORE**, The Health Fund requests that the Court enter judgment:

        A.      As against Ulmer in the amount of $35,590.28;

        B.      Recognizing the Health Fund's right to assert a lien of $35,590.28 and constructive trust over the monies presently being held in the attorney trust account of Jae Lee Law, P.C.

        C.      Directing the disbursement of the sum of $35,590.28 to the Health Fund from the attorney trust account of Jae Lee Law, P.C.;

        D.      Restraining the law firm of Jae Lee Law, P.C. from disbursing the Ulmer the amount of $35,590.28 from its attorney trust account;

        E.      Entering an Order awarding The Health Fund payment of its reasonable attorneys' fees and costs necessitated by the bringing of this action as against Ulmer; and

F.     For such other and further relief as this Court deems just and proper.

KROLL HEINEMAN CARTON, LLC
*Attorneys for Plaintiffs*

S/ Seth Ptasiewicz
SETH PTASIEWICZ

DATED: December 31, 2018


## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

Plaintiffs hereby certify that this matter in controversy is not the subject of other actions or arbitrations.

KROLL HEINEMAN CARTON, LLC
*Attorneys for Plaintiffs*

S/ Seth Ptasiewicz
SETH PTASIEWICZ

DATED: December 31, 2018

531578.1

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 201.1(d)

Plaintiffs hereby certify that the amount in controversy does not exceed the sum of $150,000.00,

exclusive of interest, costs and claims for punitive damages.


**KROLL HEINEMAN CARTON, LLC**
*Attorneys for Plaintiffs*

S/ *Seth Ptasiewicz*
SETH PTASIEWICZ

DATED: December 31, 2018

531578.1